IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-68-JJF |
| WADE GRAY, | : | |
| Defendant. | : | |

**DEFENDANT'S PRE-TRIAL MOTION TO SUPPRESS EVIDENCE AND STATEMENTS**

Defendant, Wade Gray, through his counsel, Eleni Kousoulis, hereby moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an Order suppressing for use by the government any and all evidence seized from Mr. Gray, on or about April 24, 2007, including any and all of Mr. Gray's statements made to law enforcement officers.

In support of this motion the defense submits as follows:

1.     On April 24, 2007, Wilmington Police Officers went to the area of Elm and South Van Buren Streets in Wilmington, Delaware, to investigate a shooting that had occurred in that area on April 21, 2007.[1] Once there, the officers observed three individuals on Elm and South Van Buren Streets. As the officers approached, the three individuals began to walk away. The officers circled the block, and again observed the three individuals, who at this time had separated. The officers

---

[1] Any facts contained in this motion were taken from the police reports and affidavits prepared with regard to this case. By including these facts in his pre-trial motion, Mr. Gray in no way concedes that events transpired as stated in these reports. It is Mr. Gray's position that an evidentiary hearing is needed to further develop the facts with regard to this motion through the adversarial process.

approached one of the individuals, Mr. Gray, at which time Mr. Gray ran. Following a brief foot pursuit, Mr. Gray was apprehended by the officers in an alley, and an unloaded firearm was recovered. At the scene, prior to being advised of his Miranda warnings or waiving his rights, Mr. Gray is alleged to have made several incriminating statements with regard to the firearm recovered by the officers.

2. After being transported to the police station, Mr. Gray was read his Miranda warnings, at which time he is alleged to have waived his rights and agreed to speak with the officers. Mr. Gray is alleged to have made additional incriminating statements at that time.

3. The Fourth Amendment prohibits unreasonable searches and seizures. It is well-settled law that searches and seizures conducted without a warrant are per se unreasonable, and will only be allowed if they fall within a few well-delineated exceptions. United States v. Katz, 389 U.S. 347, 357 (1967).

4. A seizure occurs at the application of physical force to restrain an individual or when the individual submits to a showing of authority by law enforcement officers. United States v. Brown, 448 F.3d 239, 245 (3d Cir. 2006) (citing California v. Hodari D., 499 U.S. 621, 626 (1991). Mr. Gray was clearly seized by the police officers in this case when he was apprehended by the officers in the 400 block of South Van Buren Street. A seizure without a warrant or probable cause may only be conducted in the form of a brief investigatory stop, when the officer has reasonable suspicion that the individual is engaged in criminal activity. Couden v. Duffy, 446 F.3d 483, 494 (3d Cir. 2006) (citations omitted).

5. The reasonable suspicion standard is less stringent than probable cause, but still requires an officer to have a "particularized and objective basis for suspecting the particular person

stopped of criminal activity." United States v. Cortez, 499 U.S. 411, 417-18 (1981). "An officer's objective basis for suspicion must be particularized because the 'demand for specificity in the information upon which police action is predicated is the central teaching of this Court's Fourth Amendment jurisprudence.'" Brown, 448 F.3d at 246 (quoting Terry v. Ohio, 392 U.S. 1, 22 n. 18 (1968)).

6. In the present case, there was no reasonable suspicion or probable cause to justify the stop and seizure of Mr. Gray. There was no reasonable suspicion or probable cause that Mr. Gray was about to commit a crime or that he had just committed one. At the time the officers approached Mr. Gray, there was insufficient information upon which to establish reasonable suspicion or probable cause to connect Mr. Gray to the shooting that had taken place on April 21, 2007. Thus, Mr. Gray's seizure was illegal and in violation of the United States Constitution. Because the seizure was illegal, all evidence seized as a result of this illegal seizure, including the firearm that was recovered and any statements taken from Mr. Gray following his arrest, must be suppressed in accordance with the "fruit of the poisonous tree doctrine", as was expressed in Wong Sun v. United States, 371 U.S. 471 (1963).

7. Mr. Gray also moves under the Fifth Amendment and Miranda to suppress any statements he allegedly made during, or subsequent to, his illegal search and seizure. According to Jackson v. Denno, 378 U.S. 368, 380 (1964): "[a] defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually, and reliably determined." Once the defendant raises the issue regarding the admissibility of a statement the government bears the burden of establishing compliance with Miranda v. Arizona, 384 U.S. 436 (1966) and its progeny. See Miranda, 384 U.S. at 475.

8. It is a fundamental principle that a suspect subjected to custodial interrogation must be advised of his rights before making a statement. <u>Miranda</u>, 384 U.S. 436. If a statement is obtained, the government has a heavy burden of proving the suspect waived his rights knowingly, intelligently, and voluntarily. <u>Id</u>. at 444.

9. In the present case, there was no affirmative indication of understanding or voluntary waiver of the entire litany of constitutional rights. <u>See</u> <u>Miranda</u>, 384 U.S. at 473-74 (discussing that each right must be explained and attendant rights, such as the right to appointed counsel, must also be specifically explained and understood by the defendant).

10. Mr. Gray did not adequately understand his rights and did not voluntarily waive them. Any statements allegedly made by Mr. Gray were not knowing or voluntary, and therefore, must be suppressed .

**WHEREFORE**, Mr. Gray respectfully requests that this Court conduct a hearing to further develop the facts related to this motion and subsequently enter an Order to suppress the evidence and statements as discussed above.

             Respectfully submitted,

             /s/
             Eleni Kousoulis, Esquire
             Assistant Federal Public Defender
             704 King Street, Suite 110
             Wilmington, DE  19801
             (302) 573-6010
             ecf_de@msn.com
             Attorney for Defendant Wade Gray

DATED:  July 27, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-68-JJF |
| WADE GRAY, | : | |
| Defendant. | : | |

# **ORDER**

The Court having considered Defendant Gray's Motion to Suppress Evidence and Statements and good cause having been shown therefore;

IT IS HEREBY ORDERED this _____ day of _____, 2007, that any evidence seized at the time of Mr. Gray's arrest in this case, including any statements made by Mr. Gray, shall be suppressed.

 

_____
Honorable Joseph J. Farnan, Jr.
United States District Court