*Filed in open court this 24th day of September 2007*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) |
| | ) Criminal Action No. 07-68-JJF |
| | ) Criminal Action No. 07-78-JJF |
| WADE GRAY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, Ilana H. Eisenstein, Assistant United States Attorney for the District of Delaware, and Martin Meltzer, Special Assistant United States Attorney, and the defendant, Wade Gray, by and through his attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty to Count One of the Indictment in Criminal Action Number 07-68-JJF, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), which carries a maximum sentence of a term of imprisonment of ten years, a fine of $250,000, or both, three years supervised release, and a $100 special assessment.

2. The defendant shall also plead guilty to Count One of the Indictment in Criminal Action Number 07-78-JJF, charging him with failure to register as a sex offender, in violation of Title 18, United States Code, Section 2250(a), which carries a maximum sentence of a term of imprisonment of ten years, a fine of $250,000, or both, three years supervised release, and a $100 special assessment.

3. As to Count One of the Indictment, in Criminal Action Number 07-68-JJF, the defendant understands that if there were a trial, the Government would have to prove the following elements of the crime of being a felon in possession of a firearm: (1) on or about April 24, 2007, he

knowingly possessed a firearm; (2) he had previously been convicted of a crime punishable by more than one year of imprisonment; and (3) the firearm affected interstate commerce, that is, that the firearm had previously crossed state lines. The defendant admits that, on April 24, 2007, he knowingly possessed a firearm, to wit, a Armi Tanfoglio Giuseppe, Model 27, .25 caliber pistol, serial number MK21590, after having been convicted, on January 11, 2007, of possession of a firearm by a felon in the Halifax County Superior Court in the State of North Carolina, which is a crime punishable by more than one year of imprisonment.

4. As to Count One of the Indictment in Criminal Action Number 07-78-JJF, the defendant understands that if there were a trial, the Government would have to following elements of the crime of failure to register as a sex offender: (1) the defendant is a person required to register under the Sex Offender Registration and Notification Act, Title 42, United States Code, Section 16901 et seq. ("SORNA"); (2) who traveled in interstate commerce subsequent to his conviction for a sex offense, to wit, a conviction on July 19, 2000, in the state of North Carolina for Solicitation to Commit a Second Degree Sex Offense; and (3) knowingly failed to register and update a registration as required by SORNA. The defendants admits that: (1) he was convicted on or about July 19, 2000 in the state of North Carolina, of Solicitation of Commit a Second Degree Sex Offense and was therefore required to register under SORNA; (2) in February 2007, he traveled from the state of North Carolina to reside in the District of Delaware; and (3) knowing that he was required to register, failed to do so.

5. The parties stipulate and agree that Criminal Action Number 07-68-JJF and Criminal Action Number 07-78-JJF may be consolidated for purposes of the change of plea and sentencing hearing.

6.     The defendant agrees to forfeit all interests in the firearm and ammunition involved in the violation alleged in Count One of the Indictment in Criminal Action Number 07-68-JJF, to wit, a Armi Tanfoglio Giuseppe, Model 27, .25 caliber pistol, serial number MK21590 seized from him by police on or about April 24, 2007. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

7.     Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, the Government will not oppose a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility. The Government will move for an additional one-point reduction, if the defendant qualifies for such a decrease under United States Sentencing Guideline Section 3E1.1(b).

8.     The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The

Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

9. The defendant agrees to pay the $100 special assessment at the time of sentencing

10. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

11. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_Wade Gray_
Wade Gray
Defendant

BY: _Ilana H. Eisenstein_
Ilana H. Eisenstein
Assistant United States Attorney

_Eleni Kousoulis_
Eleni Kousoulis, Esquire
Attorney for Defendant

_Martin Meltzer_
Martin Meltzer
Special Assistant United States Attorney

Dated: 9-24-07

AND NOW, this 24 day of September, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_Joseph J. Farnan, Jr._
Honorable Joseph J. Farnan, Jr.
United States District Court Judge

4